UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:25-cr-00005-AKB |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| PATRICIA ANN CARTER | |
| Defendant. | |

On July 21, 2025, Defendant PATRICIA ANN CARTER appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a notice of intent to plead guilty. (Dkt. 29). The Defendant executed a waiver of the right to have the presiding United States District Judge take her change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 2), the maximum penalties applicable, her Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

Having conducted the change of plea hearing and having inquired of the Defendant, defense counsel, and counsel for the government, the Court finds there is a factual basis for the Defendant's guilty plea, that it was entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States Probation Office.

REPORT AND RECOMMENDATION - 1

Because the offense to which Defendant entered a guilty plea is an offense in a case described in subparagraph (C) of 18 U.S.C. § 3142(f)(1), subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, the Government moved for detention on January 22, 2025. (Dkt. 5). A detention hearing was held, at which, the Government withdrew its motion for detention. (Dkt. 14). The Court entered an Order of Release on January 28, 2025. (Dkt. 15). Defendant has been on release since that date and has no reported violations and is in compliance with the terms of release. The Government represents that it does not have information or reason to believe Defendant is at an enhanced risk of flight or danger to the community at this time. Defendant has substantial ties to the community. She has received substance use treatment including graduating from in-patient treatment, receiving mentorship status, and maintaining her sobriety. Defendant is also being treated for various medical conditions.

Upon consideration of the totality of the circumstances presented in this case, including the conditions of release and the disruption in the course of substance use treatment and medical treatment of Defendant's that would occur with detention pending imposition of sentencing, and upon finding Defendant is exceptionally unlikely to flee or cause a danger to the community if release is continued, the Court recommends release be continued. The Court finds that exceptional reasons have been clearly shown by

REPORT AND RECOMMENDATION - 2

Defendant that detention pending imposition of sentencing would not be appropriate.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant PATRICIA ANN CARTER's plea of guilty to Counts ONE, TWO, and THREE of the Indictment (Dkt. 2).

2) The District Court order forfeiture consistent with Defendant PATRICIA ANN CARTER's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 2).

3) The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release. (Dkt. 15)

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: July 21, 2025

DEBORA K. GRASHAM
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION - 3